**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RECOVERY RACING VIII, LLC, d/b/a GOLD COAST ALFA ROMEO and d/b/a GOLD COAST MASERATI,<br><br>                     Plaintiff,<br><br>vs.<br><br>FCA US LLC, MASERATI NORTH AMERICA, INC., and JOHN DOE(S) 1-3,<br><br>                     Defendants. | Civil Action No. 1:24-cv-05957<br><br>**DEFENDANTS FCA US LLC AND MASERATI NORTH AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT.** |

**TO THE JUDGES FOR THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK:**

      **PLEASE TAKE NOTICE** that Defendants FCA US LLC ("FCA") and Maserati North America, Inc. ("MNA", and together with FCA, "Defendants") file this Answer to Plaintiff Recovery Racing VIII, LLC, d/b/a Gold Coast Alfa Romeo and d/b/a Gold Coast Maserati's ("Plaintiff") Complaint ("Complaint").

### Nature of the Action

      1.     In response to Paragraph 1 of the Complaint, Defendants admit that Gold Coast is an Alfa Romeo and Maserati dealer located in Great Neck, New York. Defendants deny any and all of the other allegations in Paragraph 1 of the Complaint.

      2.     Defendants deny the allegations in Paragraph 2 of the Complaint that FCA and MNA have diminished the value and appeal of the Alfa Romeo and Maserati brands for both customers and potential dealers. Defendants further deny that Gold Coast found a qualified buyer to purchase its Maserati and Alfa Romeo dealerships. Defendants are without sufficient knowledge and information to form a belief as to the remaining allegations of Paragraph 2 of the Complaint, and therefore deny those allegations.

3. The allegations of Paragraph 3 consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 3 of the Complaint.

4. The allegations of Paragraph 4 consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 4 of the Complaint.

## **PARTIES**

5. Upon information and belief, FCA admits the allegations of Paragraph 5 of the Complaint.

6. Admit.

7. Upon information and belief, Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Admit.

9. Admit.

10. In response to Paragraph 10 of the Complaint, Defendants admit that FCA is 100% owned by FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan. Defendants deny the remaining allegations of Paragraph 10 of the Complaint.

11. Admit.

12. Admit.

13. Denied.

14. The allegations of Paragraph 14 of the Complaint are directed towards a different entity; therefore, no response is required from Defendants. To the extent a response is required,

Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 14 of the Complaint, and therefore denies the allegations.

15. The allegations of Paragraph 15 of the Complaint are directed towards a different entity; therefore, no response is required from Defendants. To the extent a response is required, Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 15 of the Complaint, and therefore denies the allegations.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. The allegations of Paragraph 17 of the Complaint consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations of Paragraph 17 of the Complaint.

## RESPONSE TO JURISDICTION & VENUE

18. The allegations of Paragraph 18 of the Complaint consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Defendants state that Section 469(1) of the Dealer Act speaks for itself, and Defendants deny any statements or interpretations inconsistent with Section 469(1) of the Dealer Act.

19. The allegations of Paragraph 19 of the Complaint consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Defendants admit that the Federal Court has jurisdiction and refer to their Notice of Removal filed on August 26, 2024.

20. The allegations of Paragraph 20 of the Complaint consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Defendants deny venue is proper in the Supreme Court of the State of New York, County of Nassau based on the Notice of Removal filed on August 26, 2024.

4870-3514-1854 v.2

## RESPONSE TO THE DEALER ACT

21. The allegations of Paragraph 21 of the Complaint consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Section 463(2) of the Dealer Act speaks for itself, and Defendants deny any statements or interpretations inconsistent with Section 463(2) of the Dealer Act.

22. The allegations of Paragraph 22 of the Complaint consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Section 463(2)(k) of the Dealer Act speaks for itself, and Defendants deny any statements or interpretations inconsistent with Section 463(2)(k) of the Dealer Act.

23. The allegations of Paragraph 23 of the Complaint consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Section 463(2)(k) of the Dealer Act speaks for itself, and Defendants deny any statements or interpretations inconsistent with Section 463(2)(k) of the Dealer Act.

24. The allegations of Paragraph 24 of the Complaint consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Sections 463(2)(k) and 469(1) of the Dealer Act speak for themselves, and Defendants deny any statements or interpretations inconsistent with Sections 463(2)(k) and 469(1) of the Dealer Act.

25. Defendants admit that the Complaint quotes a portion of Section 466(1) of the Dealer Act, but Defendants deny that the statute applies to the facts of this case or that it supports the Plaintiff's claims. To the extent any further response is required, Section 466(1) of the Dealer Act speaks for itself, and Defendants deny any statements or interpretations inconsistent with

-4-
4870-3514-1854 v.2

Section 466(1) of the Dealer Act.

26. Defendants admit that the Complaint quotes a portion oof Section 466(2) of the Dealer Act, but Defendants deny that the statute applies to the facts of this case or that it supports the Plaintiff's claims. To the extent any further response is required, Section 466(2) of the Dealer Act speaks for itself, and Defendants deny any statements or interpretations inconsistent with Section 466(2) of the Dealer Act.

27. The allegations of Paragraph 27 of the Complaint consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Section 469(1) of the Dealer Act speaks for itself, and Defendants deny any statements or interpretations inconsistent with Section 469(1) of the Dealer Act.

## RESPONSE TO FACTUAL ALLEGATIONS

28. Defendants are without sufficient knowledge and information to form a belief as to the allegations of Paragraph 28 of the Complaint and therefore denies those allegations.

29. In response to Paragraph 29 of the Complaint, Defendants deny that FCA and MNA have grossly mismanaged the Alfa Romeo and Maserati brands. Defendants are without sufficient knowledge and information to form a belief as to any remaining allegations of Paragraph 29 of the Complaint and therefore denies those allegations.

30. In response to Paragraph 30 of the Complaint, Defendants admit that on May 22, 2023, Gold Coast commenced an action against FCA in this Court captioned *Recovery Racing VIII LLC d/b/a Gold Coast Alfa Romeo v. FCA US LLC a/k/a Stellantis, FCA Realty LLC, and RFP Construction Inc.*, Index No. 608216/2023. Defendants deny any remaining allegations in Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Defendants state that the Complaint

in *Recovery Racing VIII LLC d/b/a Gold Coast Alfa Romeo v. FCA US LLC a/k/a Stellantis, FCA Realty LLC, and RFP Construction Inc.*, Index No. 608216/2023 speaks for itself, and Defendants deny the allegations in Paragraph 31 of the Complaint to the extent that it mischaracterizes the lawsuit.

32. In response to Paragraph 32 of the Complaint, Defendants state that Paragraph 32 of the Complaint contains vague and indefinite allegations to the extent that they do not point to any specific dealership. As such, Defendants are without sufficient knowledge and information to form a belief as to the allegations contained in Paragraph 32 of the Complaint and therefore denies those allegations.

33. Defendants are without sufficient knowledge and information to form a belief as to the allegations of Paragraph 33 of the Complaint and therefore denies those allegations.

34. Defendants deny the allegations in Paragraph 34 of the Complaint that Slanelli LLC has the experience and financial capability to acquire and operate the dealership.

35. In response to Paragraph 35 of the Complaint, Defendants state that the Asset Purchase Agreement (the "APA") speaks for itself, and Defendants deny the allegations of Paragraph 35 to the extent that it contradicts or cites the APA out of context.

36. Defendants admit the allegations in Paragraph 36 of the Complaint.

37. Defendants admit the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants admit that on June 24, 2024, following numerous communications and requests for additional information to both Plaintiff and the proposed buyers, FCA and MNA both responded by letter to the APA, rejecting the proposed transfer. Defendants deny any remaining

allegations in Paragraph 40 of the Complaint.

42. Defendants state that the letters dated June 24, 2024 speak for themselves, and deny any allegations in paragraph 41 of the Complaint inconsistent with the contents of the letters.

42. In response to Paragraph 42 of the Complaint, Defendants state that their letters dated June 24, 2024, as well as Section 463(2)(k) of the Dealer Act, speak for themselves. Defendants deny any statements or interpretations inconsistent with their letters or Section 463(2)(k) of the Dealer Act.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. In response to Paragraph 44 of the Complaint, Defendants state that their letters dated June 24, 2024, regarding the proposed transaction speak for themselves. Defendants deny any statements or interpretations inconsistent with their letters.

45. In response to Paragraph 45 of the Complaint, Defendants admit that the proposed buyers lacked experience, that Mr. Onelli's performance operating a Mitsubishi dealership was deficient, and that Mr. Onelli's background check returned a felony conviction. Defendants further state that their correspondence dated June 24, 2024, in which they rejected the proposed transfer speaks for themselves, and denies Paragraph 45 to the extent that it mischaracterizes Defendants' correspondence.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. The allegations of Paragraph 49 consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Defendants deny that FCA and MNA's requirement are arbitrary and unreasonable or that FCA and MNA have

mismanaged the Alfa Romeo and Maserati brands. Defendants are without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 49 of the Complaint and therefore deny the same.

50. Defendants deny the allegations of Paragraph 50 of the Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Complaint.

52. Defendants are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 52 of the Complaint and therefore deny those allegations.

53. The allegations of Paragraph 53 consist solely of legal conclusions; therefore, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants admit to the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

**RESPONSE TO FIRST CAUSE OF ACTION**
**(Violation of § 463(2)(k) of the Dealer Act against FCA and MNA)**

57. Defendants incorporate their responses set forth elsewhere in this Answer as if fully set forth herein.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. The allegations of Paragraph 60 of the Complaint consist solely of legal conclusions; therefore, no response is required. To the extent a response is required, Defendants state that Section 469(1) of the Dealer Act speaks for itself, and Defendants deny any statements or interpretations inconsistent with Section 469(1) of the Dealer Act.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION
### (Violation of § 466 of the Dealer Act against FCA and MNA)

63. Defendants incorporate their responses set forth elsewhere in this Answer as if fully set forth herein.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. The allegations of Paragraph 66 of the Complaint consist solely of legal conclusions; therefore, no response is required. To the extent a response is required, Defendants state that Section 469(1) of the Dealer Act speaks for itself, and Defendants deny any statements or interpretations inconsistent with Section 469(1) of the Dealer Act.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

FCA demands a jury trial as to all actions and claims so triable.

## RESPONSE TO PRAYER FOR RELIEF

Regarding the WHEREFORE clause and its subparts (a) through (c) contained in the Prayer for Relief of the Complaint, Defendants deny that any party is entitled to monetary or equitable relief under any theory of recovery against Defendants. As such, Defendants deny that Gold Coast is entitled to a judgment against Defendants for damages, injunctive relief, attorneys' fees, costs, or any other relief.

## GENERAL DENIAL

FCA denies all allegations contained in Gold Coast's Complaint not expressly admitted above.

4870-3514-1854 v.2

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants' conduct is not violative of any provision of New York law.

3. Gold Coast's claims against Defendants are barred or reduced by equitable doctrines including estoppel and quasi estoppel, acquiescence, waiver, consent, laches, ratification, and unclean hands.

4. Gold Coast's claims against Defendants are barred, waived, and/or reduced by its own conduct and/or representations to Defendants.

5. Gold Coast's claims against Defendants are barred or reduced by Gold Coast's failure to comply with statutory and/or regulatory requirements.

6. Gold Coast's damages, if any, are barred or reduced by its failure to take reasonable steps to minimize or mitigate its claimed damages.

7. Gold Coast's damages, if any, were caused by independent, intervening, or supervening causes and/or parties.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully requests judgment against Gold Coast, dismissing all claims against Defendants with prejudice, and awarding Defendants' attorneys' fees, costs, and any additional relief that this Court may deem just and appropriate.

Respectfully Submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

Dated: September 3, 2024

*/s/ Blake A. Gansborg*
Blake A. Gansborg (NY Bar No. 4961876)
Mark T. Clouatre (*pro hac vice* to be submitted)

4870-3514-1854 v.2

John P. Streelman (*pro hac vice* to be submitted)
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
(303) 583-9900 – Telephone
(303) 583-9999 – Facsimile
blake.gansborg@nelsonmullins.com
mark.clouatre@nelsonmullins.com
john.streelman@nelsonmullins.com

*Attorney for Defendants FCA US LLC and Maserati North America, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RECOVERY RACING VIII, LLC, d/b/a GOLD COAST ALFA ROMEO and d/b/a GOLD COAST MASERATI,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, MASERATI NORTH AMERICA, INC., and JOHN DOE(S) 1-3,<br><br>Defendants. | Civil Action No. 1:24-cv-05957<br><br>**CERTIFICATE OF SERVICE** |

I, Blake A. Gansborg, Esq., hereby certify as follows:

1. I am not a party to this action and am 18 years of age or older.

2. I am an attorney at law of the State of New York and am associated with Nelson Mullins Riley & Scarborough LLP, attorneys for Defendants FCA US LLC ("FCA US") and Maserati North America, Inc. ("MNA"), in the above-captioned matter.

3. On September 3, 2024, the following documents were electronically filed with the Clerk of the Court and served upon all counsel of record:

   1. Answer to Complaint
   2. This Certificate of Service.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: September 3, 2024                    Respectfully Submitted,

*/s/ Blake A. Gansborg*
Blake A. Gansborg (NY Bar No. 4961876)
Nelson Mullins Riley & Scarborough LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
(303) 583-9900 – Telephone
(303) 583-9999 – Facsimile
blake.gansborg@nelsonmullins.com

4870-3514-1854 v.2

*Attorney for Defendants FCA US LLC and Maserati North America, Inc.*